**So Hui LIANG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 04–0787–AG.

United States Court of Appeals, Second Circuit.

Dec. 7, 2005.

Gary J. Yerman, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Patricia M. Connolly, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

Present: KEARSE, STRAUB, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

Petitioner So Hui Liang, through counsel, petitions for review of so much of a

BIA decision dated January 23, 2004, as affirms the decision of the Immigration Judge ("IJ") denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005) (internal quotation marks omitted). This Court reviews the BIA's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nonetheless, "the fact that the BIA has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted)). Although minor and isolated inconsistencies "need not be fatal to credibility," *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000), a reasonable adjudicator would not be compelled to find otherwise where an adverse credibility determination is based on inconsistent statements about material matters, *see id.* at 287–88. As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang*, 386 F.3d. at 71.

In the present case, the BIA found that Liang was not credible because he testified inconsistently about the material matter of his wife's alleged forced abortion, which was at the crux of his claim of family-planning persecution. This adverse credibility determination was supported by substantial evidence. The record indicates, as pointed out by the BIA, that Liang not only testified inconsistently as to the month in which his wife was forced to undergo the abortion, but also testified inconsistently as to the stage of his wife's pregnancy at that time: Liang claimed first that his wife was one or two months pregnant, then he stated that she was three months pregnant, and the abortion certificate he submitted indicated that she was four or more months pregnant. The BIA also found that Liang's statement that he was not present when his wife was taken away from their residence to have the forced abortion was contradicted by a letter written by his wife to the IJ. Her letter stated that birth control officers had come to their residence to take her away to have an abortion, that she shouted and cried out in pain, and that Liang tried to reason with and beg the officers but was accused of obstructing government business. Although this letter was not irreconcilably inconsistent with Liang's testimony that he was not present when his wife was taken away, that his neighbors informed him of that event, and that his argument with the birth control officials occurred at the hospital, the letter can also be read as stating that Liang argued with the officials at Liang's residence in an attempt to prevent them from taking her away. We cannot say that the BIA's interpretation of the letter as implying that Liang was present when his wife was taken away was unreasonable.

As the adverse credibility determination was supported by substantial evidence, the BIA properly denied both asylum and

withholding of removal. *See, e.g., Zhou Yun Zhang,* 386 F.3d at 71.

Although Liang also claimed before the IJ and the BIA that he was entitled to relief under the Convention Against Torture ("CAT"), the denial of relief under CAT is not at issue here, as Liang failed to raise that claim in his petition for review and hence has waived it, *see Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied. The stay of removal previously granted in this proceeding is vacated.